**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Coronel, et al., | No. CV12-0795 PHX DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| GEICO Insurance Agency Incorporated, | |
| Defendant. | |

The Court held a telephone conference with the parties on October 24, 2012, and directed that they file memoranda addressing whether Defendant has waived the attorney-client privilege by its position in this litigation. Doc. 23. The Court has reviewed the parties' memoranda. Docs. 26, 27.

This issue appears to be controlled by the Arizona Supreme Court's decision in *State Farm Mutual Automobile Ins. Co. v. Lee*, 13 P.3d 1169 (Ariz. 2000). *Lee* held that State Farm waived the attorney-client privilege with respect to specific attorney-client communications by asserting that, after conducting an investigation, its employees possessed a subjective good-faith belief in the legal correctness of the position State Farm was taking. It was the subjective belief of State Farm employees, asserted as a defense to bad faith, that triggered the waiver: "in cases such as this in which the litigant claiming the privilege relies on and advances as a claim or defense a subjective and allegedly reasonable evaluation of the law – but an evaluation that necessarily incorporates what the litigant learned from its lawyer – the communication is discoverable and admissible."

*Id*. at 1175, ¶ 15 (emphasis omitted).  The Supreme Court provided this explanation:

> By asserting the subjective evaluation and understanding of its personnel about the state of the law on stacking, State Farm has affirmatively injected the legal knowledge of its claims managers into the litigation and put the extent, and thus the sources, of this legal knowledge at issue.  State Farm's claims managers cannot testify that they investigated the state of the law and concluded and believed they were acting within the law but deny Plaintiffs the ability to explore the basis for this belief and to determine whether it might have known its actions did not conform to the law.

*Id*. at 1182, ¶ 34.

Plaintiffs have not established that Defendant GEICO is taking a position in this case that waives the privilege under *Lee*.  Plaintiffs first state that "*If* GEICO is relying on advice of counsel as a defense for its position that New York law applied, then any advice that it received from its counsel is discoverable."  Doc. 27 at 3 (emphasis added).  Defendant GEICO responds that it will not rely on advice of counsel as a defense in this case.  Doc. 26 at 3.  This statement by GEICO does not end the inquiry, however, because State Farm likewise did not assert an advice-of-counsel defense in *Lee*, 13 P.3d at 1172, ¶ 5 ("State Farm denied it intended to show good faith by advancing a defense of reliance on advice of counsel"), and yet was deemed to have waived the privilege by asserting that its employees acted with subjective good faith.

Plaintiffs also assert that "*insofar* as GEICO's investigation of the UM claims in this case incorporated advice of counsel, because GEICO contends that it acted in good faith, that advice is discoverable in this case."  *Id*. (emphasis added).  Plaintiffs do not show, however, that GEICO actually asserts the subjective good faith of its employees.  Plaintiffs merely state that "insofar" as GEICO is taking that position, the privilege has been waived.  Firmer evidence is needed before the Court will conclude that the privilege has been waived by GEICO's taking the same position that State Farm took in *Lee*.

Nor can the Court conclude that GEICO has waived the privilege merely by denying the allegation of bad faith.  *Lee* makes clear that an insurer can avoid a waiver of

the privilege by asserting the objective (as opposed to subjective) reasonableness of its conduct. *See* 13 P.3d at 1173, ¶ 8 ("If State Farm had merely denied bad faith and defended on an objective basis, without advancing its agents' subjective understanding of the law, we would have a different case."). Because Plaintiffs have not shown that GEICO intends to assert the subjective good faith of its employees, formed after investigating the legal issues in this case, the Court will deny Plaintiffs' request to find a waiver of privileged communications.

The Court makes two additional observations. First, although Plaintiffs have not at this point shown that GEICO is asserting the subjective good-faith belief of its employees concerning the application of New York law to Plaintiffs' claims, if GEICO does intend to argue that it did not act in bad faith because its employees genuinely believed that the claim could not be made under New York law, any legal advice those employees received concerning New York law or its application to this claim will be discoverable for the reasons stated in *Lee*. Second, in such an event, Plaintiffs will not be entitled to discover all privileged communications as they suggest. Doc. 27 at 3-4. Plaintiffs will be entitled to discover only those attorney-client communications related to the New-York-law position taken by GEICO in this case. *See Lee*, 13 P.3d at 1182 n.8.

Dated this 8th day of November, 2012.

_____
David G. Campbell
United States District Judge