**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Coronel, | No. CV-12-795-PHX-SMM |
| Plaintiff, | |
| vs. | **MEMORANDUM OF DECISION AND ORDER** |
| GEICO Ins. Agency Inc., | |
| Defendant. | |

Before the court are Plaintiff's Motion for Partial Summary Judgment (Doc. 59) regarding controlling law as to her uninsured motorist and bad faith claims, and Defendant's Motion for Rule 56(d) Relief (Doc. 67) and request for additional discovery time. The Court makes the following ruling.

## BACKGROUND

The matter in question arises from the hit-and-run accident that took place during the early morning hours of October 29, 2007, which left Plaintiff's fiancé, Eduardo Mediavilla, dead. (Doc. 59-2 at 4, 9). The accident occurred when Mr. Mediavilla was struck and killed by another motorist while he was attempting to change a flat tire on the shoulder of Interstate 17, north of Phoenix. (Doc. 59-2 at 3, 9). The Plaintiff, Katherine Coronel, as well as their minor children, A.M., A.V., and then unborn E.M. were in the car at the time of the accident. (Doc. 59-2 at 3, 8). It is unclear as to whether the children were asleep or awake and

1 watching when the accident took place. (Doc. 59-2 at 4, 9).[1]

2 Mr. Mediavilla was driving a 2003 Volkswagen Jetta that was owned by his father Eduardo Mediavilla, Jr., and was insured by Defendant GEICO. (Doc. 59-2 at 3, 9). The policy on the Jetta was entered into in New York by decedent's father and contained uninsured/underinsured policy limits of $100,000 per person and $300,000 per occurrence. (Doc. 59-2 at 4, 9). The policy contains a choice-of-law provision, which states that "the policy... [is] to be interpreted pursuant to the laws of the state of New York." (Doc 59-2 at 47). GEICO did pay $100,000, under the policy, for Mr. Mediavilla's wrongful death, which was split among his parents and fiancé. (Doc. 59-2 at 4, 9). However, Plaintiff also sought an additional claim under the policy on behalf of herself and her children for negligent infliction of emotional distress injuries they suffered as a result of the accident. (Doc. 59-2 at 5, 10). The basis of this claim was their presence in the vehicle at the time of the incident. (Doc. 59-2 at 5,10). GEICO denied coverage for this claim, contending that the policy, subject to the choice-of-law provision, was governed by New York law, which prohibits such recovery. (Doc. 59-2 at 4, 9, and 22-23).

Plaintiff subsequently commenced action against GEICO seeking recovery for her and her minor childrens' injuries as well as for GEICO's breach of duty of good faith. (Doc. 1-1 at 3-5). Plaintiff then moved for partial summary judgment regarding which law, Arizona or New York, governs these claims. (Doc. 59 at 1). Defendant subsequently moved for Rule 56(d) relief from summary judgment, requesting additional time to conduct discovery to help determine the choice of law question. (Doc. 67 at 1-4).

**STANDARDS OF REVIEW**

**I. Partial Summary Judgment**

Upon motion at any time, a party defending against a claim may move for "partial summary judgment," that is, "summary judgment in the party's favor as to . . . any part

---

[1] There is a dispute between parties as to whether the children were awake or asleep at the time of the accident. There is not debate, however, that E.M. was in utero.

1 thereof." FED. R. CIV. P. 56(b). A court must grant summary judgment if the pleadings and
2 supporting documents, viewed in the light most favorable to the nonmoving party, "show that
3 there is no genuine issue as to any material fact and that the moving party is entitled to
4 judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S.
5 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.
6 1994). Substantive law determines which facts are material. See Anderson v. Liberty
7 Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over
8 facts that might affect the outcome of the suit under the governing law will properly preclude
9 the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be
10 genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for
11 the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

12       A principal purpose of summary judgment is "to isolate and dispose of factually
13 unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate
14 against a party who "fails to make a showing sufficient to establish the existence of an
15 element essential to that party's case, and on which that party will bear the burden of proof
16 at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.
17 1994). The moving party need not disprove matters on which the opponent has the burden
18 of proof at trial. See Celotex, 477 U.S. at 317. The party opposing summary judgment "may
19 not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth
20 specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see
21 Matsushita Elec. Indus. Co. v.Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda
22 Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

23       **II. Choice of Law**

24       In diversity actions, federal courts apply the conflict of law rules of the forum state.
25 Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Paulsen v. C.N.F., Inc., 559
26 F.3d 1061, 1080 (9th Cir. 2009). In choice-of-law cases, Arizona courts follow the
27 Restatement to determine which state's law applies. Cardon v. Cotton Lane Holdings, Inc.,
28 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992); Swanson v. The Image Bank, Inc., 206 Ariz.

- 3 -

264, 266, 77 P.3d 439, 441 (2003). Choice-of-law issues are a matter of law, and so Arizona courts decide them de novo. Garcia v. General Motor Corp., 195 Ariz. 510, 516, 990 P.2d 1075 (App. 1999). The Restatement states that a choice of law provision is enforceable if "the particular issue is one in which the parties could have resolved by an explicit provision in their agreement." Restatement § 187(1). Further, even if the particular issue is not one in which the parties could have resolved, a choice of law provision will be enforced, unless either (1) the chosen state has no substantial relationship to the transaction or parties, or (2) application of the chosen state's law would be contrary to the public policy of a state which has a greater interest in the matter. Restatement § 187(2)(a),(b).

In the event that a choice of law provision is invalid, Arizona courts resolve the conflict under general tort law, using the significant contacts analysis found in §§ 145 and 6 of the Restatement. Relevant factors include, but are not limited to: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile [and] residence ... of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement § 145(2). See Bates v. Superior Court, 156 Ariz. 46, 49, 749 P.2d 1367, 1370 (1988); see also Bryant v. Silverman, 146 Ariz. 41, 703 P.2d 1190 (1985).

**III. Rule 56(d) Relief**

Under FED. R. CIV. P. 56(d), a trial court may extend time for a nonmoving party to obtain more information through further discovery in order to justify its opposition against a motion for summary judgment. Id. To obtain such relief, the party requesting recovery must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008). The court need not grant such relief if the evidence sought is not essential to oppose summary judgment.

///

///

**DISCUSSION**

**I. New York Law Govern's Plaintiff's Uninsured Motorist Claim**

New York law governs Plaintiff's uninsured motorist claim because the choice-of-law provision[2] contained in the insurance policy is valid. Pursuant to Arizona law, this conclusion results from analyzing the policy under § 187 of the Restatement. Under such analysis, the main issue here is whether the parties, specifically decedent's father and Defendant GEICO, could have legally contracted to the term that New York law would govern uninsured motorist claims that arise under the policy. The answer to that question is "yes." Parties frequently contract to choice-of-law provisions. This particular provision is not unique, nor does it go against public policy. Therefore, pursuant to §187(1), the Court finds that the choice-of-law provision is valid and New York law applies. The Court further finds that because the choice-of-law provision is valid, § 187(2) analysis is not necessary.

The Court rejects Plaintiff's further argument that this particular claim falls outside the scope of policy and is therefore not subject to the choice-of-law provision contained in the policy. Coverage for harm caused by an uninsured/unidentified motorist would not even be available to Plaintiff were it not for the policy's existence. As discussed above, because the choice-of-law provision contained in the policy is valid, New York law governs this claim.

**II. Arizona Law Governs Plaintiff's Bad Faith Claim**

Arizona courts recognize independent tort claims for bad faith brought against an insurer for alleged breach of "the implied covenant of good faith and fair dealing implied in [an insurance] contract." Rawlings v. Apodaca, 151 Ariz. 149, 155, 726 P.2d 565, 571 (1986); see Martin v. T.L. Dallas, LTD., No. 08-546, 2008 U.S. Dist. WL 2705379, at *4 (D. Ariz. Jul. 9, 2008) ("Arizona courts have affirmatively created a cause of action to protect an insured from the unreasonable actions of an insurer"); see also Wagenseller v.

---

[2] The policy states, in part, that it is "to be interpreted pursuant to the laws of the state of New York." (Doc 59-2 at 47). The Court construes this as a choice-of-law provision. No language in the policy indicates forum selection.

- 5 -

Scottsdale Memorial Hospital, 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985) (holding that the law implies a covenant of good faith and fair dealing in contracts). New York, however, does not recognize a tort for bad faith. See Aquista v. N.Y. Life Ins.Co., 285 A.D.2d 73, 79, 730 N.Y.S.2d 272, 278 (N.Y. App. Div. 2001) ("We are unwilling to adopt... the tort cause of action for 'bad faith' in the context of a first party claim"). If New York law were to govern this claim, as the policy's choice-of-law provision dictates, Plaintiff would not be able to file a claim for bad faith against Defendant. However, this does not end our analysis.

This Court must now address whether this choice-of-law provision is invalid. Pursuant to Restatement § 187 analysis, the Court finds that the choice-of-law provision regarding Plaintiff's bad faith claim is invalid. Arizona has a great interest in protecting its citizens from the unreasonable actions of an insurer. It is contrary to Arizona public policy to allow parties to contract to a provision that permits insurers to unfairly deal with its residents. See Rawlings, 151 Ariz. at 155, 726 P.2d at 571 (holding that insurers have an implied duty to act in good faith). Because the choice-of-law policy is invalid, this Court will apply the significant contacts test of Restatement § 145 as an Arizona court would. Here, Arizona has the most significant ties to the claim. The accident that took the life of Plaintiff's fiancé took place in Arizona, Plaintiffs live in Arizona, and the claims that were filed under the policy were filed by Plaintiff in Arizona. Therefore, this Court will hold that Arizona law governs Plaintiff's bad faith claim.[3]

### III. Defendant's Motion for Rule 56(d) Relief Will be Denied

Defendant has filed a motion for Rule 56(d) Relief (Doc. 67) with hopes of gathering more evidence pertaining to the Plaintiff's residency in order to oppose their motion for summary judgment. However, such information is not necessary nor essential, as this Court

---

[3] This District applied this analysis in both Lloyds of London Syndicates v. Mallet, No. CV 11-979, 2012 WL 1831514, at *3, and Martin v. T.L Dallas, LTD., No. CV 08-546, 2008 WL 2705379, at *4, and concluded that Arizona law will govern bad faith claims because plaintiffs were residents of Arizona and most of the actions giving rise to the claims took place in Arizona.

- 6 -

has been able to rule on which law will govern each of Plaintiff's claims. Any additional discovery would be of little value to this litigation and would have little impact on this Court's ruling. Therefore, Defendant's motion for Rule 56(d) Relief will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** denying, in part, Plaintiff's motion for partial summary judgment as to her uninsured motorist claim. (Doc. 59.) The policy provision is valid and therefore New York law will apply as stated in the policy.

**IT IS FURTHER ORDERED** granting, in part, Plaintiff's motion for partial summary judgment as to her bad faith claim. Arizona law will govern this claim. (Doc. 59.)

**IT IS FURTHER ORDERED** denying Defendant's motion for Rule 56(d) Relief. (Doc. 67.)

DATED this 26th day of June, 2013.

_____
Stephen M. McNamee
Senior United States District Judge