**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Coronel,<br><br>    Plaintiff,<br><br>vs.<br><br>GEICO Ins. Agency Inc.,<br><br>    Defendant. | No. CV-12-795-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 120) and Defendant's Response (Doc. 126), regarding this Court's Order of June 27, 2013 (Doc. 116). In Plaintiff's motion, she moves the Court to reconsider its decision that New York law governs her Uninsured Motorist (UM) claim. She agrees, however, with the Court's position that Arizona law applies to her bad faith claim. In contrast, in Defendant's Response, GECIO agrees with the Court's decision regarding Plaintiff's UM claim, but asks the Court to reconsider as to the bad faith claim and determine that this claim is governed by New York law as well.

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidnece, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of

asking a court " 'to rethink what the court had already thought through--rightly or wrongly.' " <u>Defenders of Wildlife</u>, 909 F. Supp. At 1351 (quoting <u>Above the Belt, Inc. V. Mel Bohannon Roofing, Inc.</u>, 99. F.R.D. 99, 101 (E.D. VA 1983)). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Local Rule of Civil Procedure 7.2(g)(1).

Plaintiff continues to try and argue that Arizona law should apply simply because Arizona was where the accident took place. This argument, which would generally be true, fails in this instance due to the presence of the valid choice-of-law provision. As for Defendant's argument that New York law should also govern Plaintiff's bad faith claim, GEICO states that Arizona does not have a materially greater interest than New York in this dispute. This is not true. Arizona's interest to protect the Plaintiff, its resident, from the tortious conduct of an out of state insurance company far outweighs the interests of New York in this case.

Here, the Parties simply fail to meet the standard required to grant a motion for reconsideration. The Court finds no manifest error in its previous Order. Further, neither party has presented new facts or authority. Therefore, Pursuant to Local Rule 7.2(g), the Court will deny the Parties' Motions for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Reconsideration. (Doc. 120.) New York law will apply to Plaintiff's UM Claim.

**IT IS FURTHER ORDERED** denying Defendant's motion for the Court to reconsider its position on Plaintiff's bad faith claim. (Doc. 126.) Arizona law will govern Plaintiff's bad faith claim.

DATED this 31st day of July, 2013.

*[signature]*

Stephen M. McNamee
Senior United States District Judge